UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH THORNTON,

    Applicant,

v.                                    CASE NO. 8:16-cv-1520-T-23CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Thornton applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for aggravated battery resulting in great bodily harm, for which conviction Thornton is imprisoned for twenty years. The respondent argues (Doc. 10) that the application is time-barred. Although in his reply (Doc. 13) Thornton identifies some errors in the respondent's calculation, the application is nonetheless untimely.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Thornton's conviction became final on March 17, 2010.[*] The federal limitation barred his claim one year later absent tolling for a timely post-conviction application in state court. Thornton moved under Rule 3.800(c), Florida Rules of Criminal Procedure, which proceeding the respondent correctly excluded from tolling the limitation. However, precedent now affords tolling for that proceeding. *Rogers v. Sec'y, Depart. of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017) ("Because a Rule 3.800(c) motion is an application for such judicial reexamination, we hold that Rogers's motion tolled the time in which he could petition for federal habeas relief."). Because he filed his Rule 3.800(c) motion on March 1, 2010, which was before the limitation started, Thornton's limitation did not start until March 26, 2010, when the state court denied the Rule 3.800(c) motion.

Thornton let 47 days elapse after that proceeding concluded before he petitioned for the writ of habeas corpus in the Second District Court of Appeal, in 2D10-2245, which proceeding the respondent omits from determining timeliness. Tolling continued until the writ was denied on October 28, 2010. Thornton had 318 days remaining (365 – 47 = 318).

---

[*] Thornton's direct appeal concluded on December 17, 2009. The conviction became final after ninety days, which is the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

Thornton let 52 days elapse after that proceeding concluded before he moved under state Rule 3.850 for post-conviction relief on December 20, 2010. (Respondent's Exhibit 8) Tolling continued until the mandate issued on November 14, 2014. (Respondent's Exhibit 20) Thornton had 266 days remaining (318 – 52 = 266).

Thornton let 240 days elapse after that proceeding concluded before he moved under state Rule 3.800(a) for post-conviction relief on July 13, 2015. (Respondent's Exhibit 34) Tolling continued until the mandate issued on April 19, 2016. (Respondent's Exhibit 38) Thornton had 26 days remaining (266 – 240 = 26). As a consequence, the deadline was May 16, 2016. Thornton applied under Section 2254 on June 9, 2016, which was 24 days late.

Thornton erroneously asserts entitlement to tolling for his petition for the writ of habeas corpus (Respondent's Exhibit 21) that he filed on July 17, 2014, in the circuit court, which court properly construed the petition as a motion under Rule 3.850 for post-conviction relief and denied the motion as untimely. (Respondent's Exhibit 24) The mandate issued on July 28, 2015. (Respondent's Exhibit 27) If entitled to tolling, that proceeding would have tolled the entire 240 days that elapsed between the November 14, 2014 mandate and the filing of the July 13, 2015 motion under Rule 3.800(a). However, the untimely motion failed to toll the limitation.

Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8

(2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." As a consequence, only an application timely-filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."). *See Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*), *cert. denied*, 566 U.S. 1109 (2009), and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."), *cert. denied*, 531 U.S. 991 (2000). Because the state court rejected the motion for post-conviction relief as untimely, the limitation was not tolled.

Accordingly, Thornton's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Thornton and close this case. Thornton's "Motion to Hear and Rule" (Doc. 20) is **DENIED** as moot.

# DENIAL OF BOTH
# CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Thornton is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Thornton must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Thornton is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Thornton must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 25, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE